**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Huffman,<br><br>       Plaintiff,<br><br>vs.<br><br>American Family Mutual Insurance Company,<br><br>       Defendant. | No. CV 10-2809-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's "Motion to Amend/Correct Complaint to Add Additional Party," (doc. 7), defendant's response (doc. 8), and plaintiff's reply (doc. 9).

On October 26, 2009, plaintiff was involved in a motor vehicle collision in Apache Junction, Arizona which caused her "permanent and serious injuries and losses." Complaint ¶ V. Plaintiff settled with the other driver's insurance company for $100,000. Plaintiff alleges that the amount "did not near[sic] adequately compensate plaintiff for her injuries, past medical expenses, future medical expenses, lost wages, future wages, and general damages, past, present, and future." Complaint ¶ V. Accordingly, in October 2010, plaintiff filed an underinsured motorist claim with her own insurance company, American Family, a Wisconsin insurer. Plaintiff's policy included $100,000 in underinsured motorist coverage. Missy Klingensmith, an insurance adjuster for American Family, instructed her that additional documentation was needed. In November, Ms. Klingensmith informed plaintiff that American Family rejected plaintiff's claim for coverage because it found she was

1  sufficiently compensated by the other driver's insurance policy.

2  Plaintiff filed this action in the Superior Court of Arizona in Maricopa County on
3  November 30, 2010, naming as defendants, American Family, John Doe I-V and Jane Doe
4  I-V, and Black and White Corporations (doc. 1). Ms. Klingensmith was not named.
5  American Family timely removed the action to this court on December 30, 2010 pursuant to
6  28 U.S.C. § 1332. Plaintiff now seeks to amend the complaint to add Ms. Klingensmith as
7  an additional defendant. American Family opposes this on the ground that plaintiff is
8  fraudulently joining Ms. Klingensmith to destroy diversity jurisdiction. Neither party
9  disputes that adding Ms. Klingensmith would destroy diversity jurisdiction. Plaintiff,
10 however, argues that joinder is not fraudulent, but rather timely and intended to secure
11 plaintiff the fullest relief possible.

12 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join
13 additional defendants whose joinder would destroy subject matter jurisdiction, the court may
14 deny joinder, or permit joinder and remand the action to the State court." This is a
15 discretionary decision. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir.
16 1998). Fraudulent joinder is a "term of art" and it exists if "plaintiff fails to state a cause of
17 action against the resident defendant, and the failure is obvious according to the settled rules
18 of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting
19 McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). There is a general
20 presumption against fraudulent joinder and defendant bears the burden of proof. Hamilton
21 Materials Inc.v. Dow Chemical Co., 494 F.3d 1203, 1206 (9th Cir. 2007). Relevant factors
22 to the court's inquiry under § 1447(e) include: (1) whether the party sought to be joined is a
23 necessary party under Rule 19(a), Fed. R. Civ. P.; (2) the plaintiff's motive for seeking
24 joinder; (3) the delay adding the new defendant; (4) whether, if joinder is denied, the statute
25 of limitations would bar an action against the new defendant in state court; (5) the apparent
26 validity of the claim; and (6) any prejudice to the plaintiff if the amendment is denied.
27 Ansley v. Metro. Life Ins. Co., 215 F.R.D. 575, 579-80 (D. Ariz. 2003); Clinco v. Roberts,
28 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999).

**(1) Rule 19(a) considerations**

Rule 19(a), Fed. R. Civ. P. requires joinder of persons whose absence would preclude granting complete relief, would impede their ability to protect their interests, or would subject any of the parties to the danger of inconsistent results. In analyzing joinder under § 1447(e), however, the standard is less restrictive. IBC Aviation Serv. Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008 at 1011-12 (N.D. Cal. 2000). "The standard is met when failure to join will lead to separate and redundant actions," but is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." Id.

Here, plaintiff alleges only that Ms. Klingensmith is an employee of American Family who denied plaintiff's claim acting within the course and scope of her employment. Proposed Amended Complaint ¶ 5. Plaintiff does not advance any additional claims against Ms. Klingensmith nor does she allege any specific facts about how Ms. Klingensmith acted in bad faith. Plaintiff simply adds Ms. Klingensmith's name to various places in the complaint. Plaintiff argues that this states a valid cause of action for insurance adjuster bad faith and possibly entitles plaintiff to separate and additional punitive damages. American Family contends that it is vicariously liable for Ms. Klingensmith's acts and therefore plaintiff could not obtain any further relief.

An agent is not a necessary party in an action against a principal. Moreover, the agent of a disclosed principal is not liable on the contract. The principal would be liable for the agent's torts under respondeat superior. Complete relief can be afforded among the existing parties. Therefore, this factor does not support plaintiff's motion to amend.

**2) Motive**

When a plaintiff seeks to add a defendant that would destroy diversity jurisdiction after removal, we must "look with particular care" at plaintiff's motive. Desert Empire Bank v. Ins. Co. of North Am., 623 F.2d 1371, 1376 (9th Cir. 1980) (upholding a district court's decision to deny a diversity destroying amendment post removal). Here, American Family asserts that evidence of an improper motive exists because the amended complaint is

1 substantially similar to the original, save the addition of this new defendant. See Clinco, 41
2 F. Supp. 2d at 1083. Plaintiff claims that her hope for a speedy resolution drove her to not
3 add Ms. Klingensmith initially. Once American Family removed the case, plaintiff changed
4 her mind and sought leave to amend. Plaintiff's motive is suspect. If one has a valid bad
5 faith claim against an insurer, why would one want to join an employee of the insurer,
6 especially where, as here, a bad faith claim against an employee likely does not exist? Given
7 the substantial similarity among the complaints and plaintiff's lack of any specific allegations
8 of bad faith by Ms. Klingensmith apart from defendant, we find this factor supports denying
9 amendment.

10 **3) Delay**

11 Plaintiff filed her motion to amend early in the litigation and within the time period
12 for amendment after removal. Plaintiff's timely filing supports permitting amendment.

13 **4) Statute of Limitations**

14 Plaintiff's claims are for breach of contract and bad faith based on a denial of
15 underinsured motorist benefits. The denial allegedly occurred on November 9, 2010.
16 Arizona's statute of limitations for tort and contract based claims are two and six years
17 respectively. See Ariz. Rev. Stat. §§ 12-542, 12-548. If joinder were denied plaintiff would
18 have plenty of time to file a separate action in state court. This factor supports denying
19 amendment.

20 **5) Strength of Claim**

21 American Family argues that plaintiff fails to state a valid cause of action against Ms.
22 Klingensmith because Ms. Klingensmith is not a party to the insurance policy between
23 plaintiff and American Family. It relies on various Arizona cases holding that the duty of
24 good faith and fair dealing arises out of an insurance contract. Plaintiff, however, argues that
25 Arizona law is ambiguous as to whether an insured can maintain a bad faith claim against an
26 insurance adjuster. Plaintiff tries to distinguish the Arizona cases American Family relies
27 on and cites two opinions from this district concluding that Arizona may allow such a claim.
28 See Ballesteros v. Am. Standard Ins. Co. of Wisconsin, 436 F. Supp. 2d 1070, 1072 (D. Ariz.

1   2006); Allo v. Am. Family Mut. Ins., No. CV-08-0961, 2008 WL 4217675 (D. Ariz. Sept.
2   12, 2008).

3         We agree with plaintiff that the Arizona courts have not squarely rejected her
4   proposed theory. Nevertheless, there are no cases upholding a bad faith claim against an
5   insurance adjuster. The two district court cases plaintiff cites are distinguishable because
6   there the parties originally brought claims against the insurance adjuster in state court. They
7   did not wait until after removal to add a diversity destroying defendant. Moreover, the
8   covenant of good faith and fair dealing is inherent in a contract. Because there is no contract
9   between Ms. Klingensmith and plaintiff, there is no covenant of good faith and fair dealing
10  between them. Thus, it is quite unlikely that there is a cause of action in tort arising out of
11  a non-existent covenant. Therefore, this factor weighs in favor of denying amendment.

12  **6) Prejudice to Plaintiff**

13        Plaintiff argues that she will be prejudiced if we deny amendment because she will
14  have to litigate two separate causes of action and has limited funds. American Family on the
15  other hand does not have the same financial constraints as plaintiff. Plaintiff would be
16  prejudiced, at least minimally, by denying amendment. Litigating similar causes of action
17  in separate forums also would waste judicial resources and possibly risk inconsistent results.
18  This factor slightly favors permitting amendment. Yet given the shaky and unnecessary
19  nature of the claim, we doubt a separate action will be brought.

20        Considering the motion for leave to amend under the discretionary standard of §
21  1447(e), we conclude that amendment should be denied. Ms. Klingensmith is not a
22  necessary party, the statute of limitations for any state law claim has not expired, plaintiff's
23  motive in waiting until after removal to add Ms. Klingensmith is suspect, and plaintiff's
24  potential claim is very weak. We find that, on balance, the factors favor denying amendment.
25  Therefore, **IT IS ORDERED DENYING** plaintiff's motion to amend (doc. 7).

26        DATED this 4th day of March, 2011.

27
28                  Frederick J. Martone
                United States District Judge