**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lori Huffman, | ) | No. CV-10-2809-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| American Family Mutual Insurance Company, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

The court has before it defendants' motion to strike plaintiff's demand for a jury trial (doc. 15), plaintiff's response and motion for court to exercise discretion pursuant to Rule 39(b), Fed. R. Civ. P. and order the case be tried to a jury (doc. 20), defendants' reply in support of the motion to strike (doc. 24) and response to the motion to exercise discretion (doc. 25), and plaintiff's reply in support of the motion to exercise discretion (doc. 31).

Defendants move to strike plaintiff's demand for a jury trial as untimely under Rules 38(b) and 81(c), Fed. R. Civ. P. Plaintiff admits it was untimely, but argues that had this action not been removed or her motion to amend been granted, she could have timely demanded a jury trial.

Plaintiff's demand for a jury trial is untimely under either Rule 38(b) or 81(c), Fed. R. Civ. P. Defendants removed this action and filed their answer on December 30, 2010. Rule 38(b), Fed. R. Civ. P. affords a party 14 days from the day the last pleading directed to the issue is served to file a demand for a jury trial. Similarly, Rule 81(c)(3)(B) requires a jury demand within 14 days after the notice of removal is filed. Yet, plaintiff did not file a

1 jury demand until March 10, 2011 (doc. 11).  Accordingly, plaintiff waived her right to trial
2 by jury.  See Rule 38(d), Fed. R. Civ. P.

3      Plaintiff alternatively asks that we exercise our discretion under Rule 39(b), Fed. R.
4 Civ. P., to allow a jury trial even where no demand has been made.  Plaintiff notes that this
5 case is at its early stages, is the kind of case typically tried to a jury, and defendants will not
6 be prejudiced.  Defendants assert that our discretion under Rule 39(b) is extremely narrow.
7 Because plaintiff cannot point to any reason other than mistake or inadvertence to explain
8 the untimely demand, defendants argue that we must deny the motion.

9      We agree with plaintiff that her request for a jury comes at an early stage of the
10 proceeding, would not prejudice defendants, and would not prejudice the system because our
11 firm trial date is not until June 19, 2012.  However, the Ninth Circuit has narrowly and
12 rigidly construed Rule 39(b), Fed. R. Civ. P.  "An untimely request for a jury trial must be
13 denied unless some cause beyond mere inadvertence is shown."  See Pacific Fisheries Corp.
14 v. HIH Cas. & Gen. Ins., 239 F.3d 1000, 1002 (9th Cir. 2001); see also Russ v. Standard Ins.
15 Co., 120 F.3d 988, 989-90 (9th Cir. 1997) (holding that the district court could not use
16 another rule to grant an untimely demand for a jury trial and circumvent the Ninth Circuit's
17 narrow interpretation of Rule 39(b)).  Even falling into the removal trap is not good cause.
18 See Pacific Fisheries, 239 F.3d at 1002-03.  Thus, while we would ordinarily order a jury
19 trial under the plain language of Rule 39(b), Ninth Circuit precedent prevents us from doing
20 so.

21      Therefore, **IT IS ORDERED GRANTING** defendants' motion to strike (doc. 15).
22 **IT IS FURTHER ORDERED DENYING** plaintiff's motion to exercise discretion pursuant
23 to Rule 39(b) (doc. 20).  Finally, it is **ORDERED AMENDING** the Rule 16 Scheduling
24 Order such that the case shall be tried to the court.

25      DATED this 24th day of May, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -